```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
```

CUMULUS BROADCASTING          :
                              :
                              :
V.                            :      CIV. NO. 3:10CV315 (JCH)
                              :
KRISTIN OKESSON               :

<u>RULING ON NON-PARTY COX RADIO, INC.'S MOTION</u>
<u>TO QUASH AND MODIFY THE SUBPOENA</u>

Pending are a Motion to Quash and Modify the Subpoena and/or Motion for Protective Order [Doc. #63] of non-party Cox Radio, Inc. and Defendant's Motion to Compel [Doc. # 68]. The Court heard argument on September 1, 2010 and after careful consideration rules as follows.

<u>Background</u>

Cumulus Broadcasting brought this action against Kristin Okesson alleging that Okesson improperly departed from her job with Cumulus and, in violation of a non-competition agreement contained in her employment contract, improperly solicited Cumulus' customers and employees in her new role as an employee of Cox. The complaint further alleges that Okesson disclosed some of Cumulus' allegedly confidential and proprietary information to Cox and that these actions caused Cumulus to suffer damages.

On April 22, 2010, Judge Hall granted in part a preliminary injunction [Doc. # 38]. The Court found that Cumulus is likely

to succeed on the merits of its claim that Okesson sent an email to [Cox manager] Guthrie on October 14, violated Section 6.2 of the agreement by disclosing to a Cox employee the amount spent by Dwyer on advertising with Cumulus, Okesson used and disclosed confidential information as that term is used in Section 1.4 of the agreement and in violation of the agreement." Ruling at 12-14.

On July 2, 2010, plaintiff Cumulus served counsel for the defendant, Kristin Okesson, with a third-party subpoena directed to Okesson's current employer, Cox Radio, Inc. Cox is a competitor of plaintiff Cumulus. As such, Cox argues that the risk is significant that a broad subpoena could be used for a collateral purpose to gain insight into Cox's business in numerous competitive markets and that marking the documents to be produced as "confidential" does not adequately address that concern.

The pending Motion is addressed only to the documents requests attached to the subpoena. Counsel for Cox represented that plaintiff will receive documents responsive to Requests 1 through 5 in advance of the deposition on September 3. Remaining at issue are Document Requests Nos. 6, 7, 8, 9, and 10.

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

Request for Documents Nos. 6-10

Request No. 6 seeks,

"All Documents related to Cox's billings to and payments from any and all customers with whom Okesson had contact while in plaintiff's employ in Danbury, Connecticut, including, without limitation, Angels Watching Over You, St. Vincent's Medical Center, Watertown Nissan, Cronin (Media buyer), Bruce Bennett Nissan, Oakdale, Cablevision, Northeast Utilities, McDonalds, Rings End, Butternut Ski Area."

Cox argues that none of the businesses listed in this Request is relevant to the instant action because all lie outside the Danbury Business Area as Judge Hall construed that contractual term. Additionally, Cox argues that this Request places an undue burden on Cox because it seeks the production of all documents that relate to any and all customer(s) that Ms.

3

Okesson contacted while employed by Cumulus, regardless of whether Ms. Okesson was involved with the contact with these customers while at Cox.

Cumulus contends that Ms. Okesson testified that these were Cumulus Danbury customers and that she has interacted with them at Cox in the business context. Further, Cumulus believes that it is entitled to discovery on these customers to develop both liability and damages evidence that Okesson transmitted confidential information of Cumulus regarding these customers to Cox.

The Motion to Quash Request No. 6 is GRANTED based on overbreadth and burden, particularly in light of Cox's previous efforts to identify and produce documents evidencing Okesson's use of Cumulus information at Cox. If subsequent discovery develops evidence that Okesson used confidential Cumulus information in interacting with any of these Cox customers, Cumulus may renew its request for Cox's revenue information as to that customer reasonably directed to ascertaining the benefit Cox derived from Okesson's breach.

Request No. 7 seeks,

"All documents relating to Cox's communications with any of Plaintiff's employees who work in Danbury, Connecticut since October 5, 2009."

At oral argument, plaintiff clarified its request, stating that it was looking for documents regarding communications

4

between Cox and Cumulus employees in which Ms. Okesson had a role. Cox counsel responded that other than Rick Malette, Ms. Okesson has not communicated with any of plaintiff's employees who work in Danbury, CT since October 5, 2009. Accordingly, if any responsive documents regarding Rick Malette have not been produced, they shall be exchanged. Otherwise, the request is moot.

Request No. 8 seeks,

"All documents relating to Cox's indemnification of Okesson for any claims that plaintiff has or may assert in this case."

The plaintiff may inquire whether Cox is indemnifying Ms. Okesson in the deposition of the Cox representative. No documents need be produced on this record.

Request No. 9 seeks,

"All documents relating to Cox's agreement to pay and/or payment of Okesson's legal fees and/or costs in this case."

Plaintiff may inquire whether Cox has agreed to pay Ms. Okesson's legal fees in the deposition of the Cox representative. No documents need be produced on this record.

Request No. 10 seeks,

"All documents relating to Cox's use in Connecticut of a marketing program called "Ask the Expert" and its use of a marketing program in which listeners purchase restaurant gift certificates."

Cox argues that the program "Ask the Expert" had been ongoing at a number of its radio stations around the country

5

before Ms. Okesson joined the company and, as such, it is not related to Ms. Okesson's arrival at Cox and is an attempt to obtain a competitor's information. Cumulus argues that Ms. Okesson was intimately involved with two marketing programs, "Ask the Expert" and Neofill, and the use of these programs was part of Cumulus' marketing plans.

To the extent that Ms. Okesson had any input into the management or pricing of the Neofill program after her arrival at Cox, Cox will produce any responsive documents in its possession. As to the "Ask the Expert" program, similarly, to the extent that Ms. Okesson had any input into the program's structure or pricing, documents reflecting her involvement will be produced.

Accordingly, Non-Party, Cox's Motion to Quash and Modify the Subpoena and/or Motion for Protective Order [Doc. #63] is **GRANTED** in part and **DENIED** in part. Defendant's Motion to Compel will be addressed in a separate ruling.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 2nd day of September 2010.


					_____/s/_____
					HOLLY B. FITZSIMMONS
					UNITED STATES MAGISTRATE JUDGE