UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CUMULUS BROADCASTING          :
                              :
                              :
V.                            :      CIV. NO. 3:10CV315 (JCH)
                              :
KRISTIN OKESSON               :

RULING ON DEFENDANT KRISTIN OKESSON'S MOTION TO COMPEL

Pending is defendant Kristin Okesson's Motion to Compel
[Doc. # 68].  The Court heard argument on September 1, 2010 and
after careful consideration rules as follows.

Background

Cumulus Broadcasting brought this action against Kristin
Okesson alleging that Ms. Okesson improperly departed from her
job with Cumulus and, in violation of a non-competition agreement
contained in her employment contract, improperly solicited
Cumulus' customers and employees in her new role as an employee
of Cox.  The complaint further alleges that Ms. Okesson disclosed
some of Cumulus' allegedly confidential and proprietary
information to Cox and that these actions caused Cumulus to
suffer damages.

On April 22, 2010, Judge Hall granted in part a preliminary
injunction [Doc. # 38].  The Court found that Cumulus is likely
to succeed on the merits of its claim that Ms. Okesson sent an
"email to [Cox manager] Guthrie on October 14, violated Section
6.2 of the agreement by disclosing to a Cox employee the amount

1

spent by Dwyer on advertising with Cumulus, Okesson used and disclosed confidential information as that term is used in Section 1.4 of the agreement and in violation of the agreement." Ruling at 14.

On June 2, 2010, Ms. Okesson served Cumulus with twenty (20) interrogatories and fourteen (14) requests for production. Ms. Okesson's counsel argues that, as to a number of interrogatories and requests for production, Cumulus' responses are incomplete and/or nonresponsive. At oral argument, counsel for both parties represented that they had conferred to address the issues set forth in defendant's Motion to Compel and that Cumulus had supplemented its production. Notwithstanding these efforts, a number of items remain unresolved, which this ruling addresses. During oral argument, the parties by agreement resolved their differences with respect to Interrogatory Nos. 6, 10 and 11. Remaining at issue are Interrogatory Nos. 1, 3, 4, 5, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18, 19, and 20 and Document Request Nos. 1 and 3.

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. For good cause, the court may order discovery of any

matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

Defendant's Interrogatory Nos. 1, 3, 4, 5, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18, 19, and 20

Interrogatory No. 1 requests,
"Identify the customers which Kristin Okesson has solicited the Business Area is contravention of Section 8 of the Agreement, as that term is defined in the Agreement and interpreted by Judge Hall in her April 23, 2010 order."

Ms. Okesson's counsel argues that Cumulus' answer is nonresponsive because the clients listed are outside the "Business Area" per Judge Hall's April 22nd ruling. Therefore, defendant maintains, the answer should not identify any clients. Cumulus, which does not concede the correctness of Judge Hall's ruling, states that its answer identifies the customers it believes to be within the Business Area "as that term is defined in the Agreement". Cumulus will separately identify customers solicited within the Business Area as defined by Judge Hall's April 22nd ruling and customers solicited within the Business

3

Area in accord with Cumulus' interpretation of Section 8 of the Agreement. By answering the Interrogatory as posed, Cumulus will not be waiving any of its rights to take issue with Judge Hall's ruling.

> Interrogatory No. 3 requests,
> "As to each customer identified in Interrogatory #1 describe or calculate any financial loss or damage which Cumulus has suffered as a consequence of the conduct and the method of calculating those damages."

Ms. Okesson's counsel argues that Cumulus' response lacks a narrative explaining the method of calculating the damages. Cumulus counsel represented to the Court that it had provided Ms. Okesson's counsel with a revised Schedule 1 and 2 with expense reports and statements that back up the schedules. If not already provided, Cumulus will provide Ms. Okesson with documents stating Cumulus' revenue for 2008, 2009 and 2010 as to each of the thirteen (13) customers listed in response to Interrogatory # 1. In addition, Cumulus shall incorporate the explanation of Schedules 1 and 2 set forth in its Opposition to Defendant's Motion to Compel [Doc. # 75] into its interrogatory response under oath.

> Interrogatory No. 4 requests,
> "Identify the employees of Cumulus Kristin Okesson has solicited within the Business Area in contravention of Section 9 of the Agreement, the act which constituted solicitation and the date(s) on which the solicitations occurred."

Ms. Okesson's counsel argues that Cumulus' answer is

nonresponsive in that Robby Bridges and Mary DaSilva should not be identified because they are not within the Business Area pursuant to Judge Hall's April 22nd ruling. Interrogatory No. 4 does not specifically limit Cumulus' answer to the Business Area as defined in Judge Hall's April 22nd ruling. Accordingly, Cumulus' answer is responsive. Cumulus will identify the acts which constituted solicitation of the named employees and the dates these acts occurred.

Interrogatory No. 5 requests,
"As to each person identified in Interrogatory #3, identify the amount and type of any financial loss or damage that occurred as a result of the solicitation of employees and the method for calculating those damages."

Ms. Okesson's counsel argues that because none of Cumulus' employees actually left Cumulus to work for Cox, the proper answer to Interrogatory No. 5 is that Cumulus has suffered no damages. In Cumulus' view, these solicitations caused Cumulus damages which, although difficult to quantify, entitle Cumulus to compensation. The Court finds that Cumulus's answer is responsive and DENIES defendant's Motion to Compel a further response to Interrogatory No. 5.

Interrogatory No. 7 requests,
"As to the contention in Par. 26 that Ms. Okesson used Cumulus' Confidential information in her new position at Cox, identify the confidential information she utilized with specificity. If it is a document identify it with sufficient specificity."

At oral argument, Cumulus counsel represented that there are

5

no responsive documents other than those that have already been produced.  In light of this representation, Cumulus shall strike the phrase "including, without limitation" from its response to Interrogatory No. 7.

> Interrogatory No. 8 requests,
> "As to each piece of information or documents identified in Interrogatory # 7 above, indicate the nature and amount of any damage or loss suffered as to each document and type of confidential information along with an explanation of how the damage calculation was arrived at."

Ms. Okesson seeks specific damages calculations related to the use of each item of Cumulus' confidential information by Ms. Okesson.  Cumulus responds that other than what is provided in Schedules 1 and 2, it cannot articulate or segment the specific damages related to the use of individual pieces of confidential information by Ms. Okesson. In light of Cumulus  counsel's representations, this Court DENIES defendant's Motion to Compel a further response to Interrogatory No. 8.

> Interrogatory No. 9 requests,
> "As to each of the following types of documents described as "confidential" in Section 1.4 of the Agreement, identify with specificity, any document or information which you contend Kristin Okesson transmitted to Cox radio by any means or in any form and the basis on which you base your belief that this information was transmitted related to the following categories of information and documents:" Price and discount arrangements with sponsors/customers, Information concerning customers/sponsors particular needs, preferences and interests (and how the Company uses the information to maintain a competitive advantage), Marketing plans, Business strategies, Promotion plans, Financial information, Forecasts, Personnel information.

At oral argument, Ms. Okesson's counsel clarified that Interrogatory No. 9 seeks to obtain Cumulus' classification of documents already identified as confidential under the various categories set forth. To the extent that the already identified documents fit into these categories, Cumulus will specifically designate by Bates number the documents which fall into each category.

Interrogatory No. 12 requests,
"Identify every Cumulus employee which Cumulus contends were "recruited" as alleged in Paragraph 26 of the Complaint, including in your response specifically how any identified employee was recruited and when."

Cumulus' response to Interrogatory No. 12 incorporates its answer to Interrogatory No. 4. For the reasons previously stated with respect to Interrogatory No. 4, the Court finds Cumulus' identification of the employees consistent with its theory of the case and responsive to Ms. Okesson's inquiry. Cumulus shall specifically identify how and when it contends the named Cumulus employees were recruited.

Interrogatory No. 13 requests,
"As to the contention in Paragraph 27 that Ms. Okesson "solicit[ed] Cumulus's sponsors/customers with which she had contact in the 12 months prior to her leaving Cumulus and steering those sponsors/customers to Cox", identify each and every sponsor/customer providing both the name of the sponsor/customer entity and the personnel, or client contact, with whom Ms. Okesson is alleged to have solicited."

In its response to Interrogatory No. 13, Cumulus identified

the clients it believes Ms. Okesson solicited at Cox. Cumulus

counsel expressed concern with Ms. Okesson's request that Cumulus

name the client contact or contacts, information Cumulus contends

is confidential. However, the Interrogatory asks Cumulus to name

only those contacts it alleges that Ms. Okesson solicited for

Cox. Disclosing those names to Ms. Okesson would not provide her

with any new confidential information. Cumulus will identify, for

each client it claims Ms. Okesson solicited, the name of the

person she contacted to do so.

> Interrogatory No. 14 requests,
> "As to each sponsor/customer identified in Interrogatory
> #13, identify with specificity: a. Whether that
> sponsor/customer is no longer a sponsor/customer of Cumulus;
> b. Whether any of the identified sponsor/customers have
> reduced spending to Cumulus and by how much that spending
> was reduced; c. As related to the preceding subsection,
> provide the sponsors/customers' previous 3 years spending to
> Cumulus; d. Identify every Cumulus employee responsible for
> each sponsor/customers' account."

Cumulus will provide Ms. Okesson with a response for items

(a) though ©.  Cumulus counsel has represented that the raw data

provides the names of the Cumulus employees responsible for the

various sponsors/customer accounts listed in response to

Interrogatory No. 1. As such, no further response to item (d) is

necessary.

Interrogatory Nos. 15- 20

> Interrogatory No. 15 requests,
> "As to any claims under the Connecticut Uniform Trade
> Secrets Act, ("CUTSA") as alleged in paragraphs 34 through
> 35 of the Complaint, identify each and every action with

specificity, undertaken by Kristin Okesson which you allege
is protected by CUTSA."


Interrogatory No. 16 requests,
"As to every action identified in Interrogatory # 15,
identify, with specificity, your basis for alleging they are
protected under CUTSA."

Interrogatory No. 17 requests,
"As to every action identified in Interrogatory #15,
describe, in detail, the alleged "misappropriation" engaged
in by Ms. Okesson."

Interrogatory No. 18 requests,
"As to every action identified in Interrogatory # 15,
describe, in detail, the alleged "intended or threatened
misappropriation" engaged in by Ms. Okesson."

Interrogatory No. 19 requests,
"As to the allegations contained in Paragraph 34 of the
Complaint, identify, and describe in detail each "trade
secret" which Ms. Okesson is alleged to have
"misappropriat[ed]" or "intended or threatened [to]
misappropriat[e]."

Interrogatory No. 20 requests,
"Identify, with specificity, any damages Cumulus has
incurred by virtue of the actions identified in
Interrogatory # 15, and Paragraphs 34 though 36, which are
alleged to be violations of CUTSA."

Interrogatories 15 through 20 are aimed at ascertaining

Cumulus' theory of wrongdoing and alleged damages pursuant to its

Connecticut Uniform Trade Secrets Act ("CUTSA") claim.  Cumulus

has provided answers to these Interrogatories that incorporate

its earlier responses relating to its breach of contract claim.

To the extent that Cumulus' theory for recovery and damages under

the breach of contract claim and CUTSA are the same -with the

exception of damages CUTSA may specifically award- the Court

finds Cumulus' response adequate. To the extent that Cumulus

seeks damages available under CUTSA but not under its breach of

contract claim, Cumulus will specifically identify the damages

sought and the factual basis which gives rise to them.

## Defendant's Requests for Production Nos. 1 and 3

Request No. 1 seeks,
"As to the allegation that the job was a promotion and
offered lucrative compensation, provide the salary bonus and
total compensation for all market managers, redacted to
protect the identity of the individuals."

In support of defendant's motion, Ms. Okesson's counsel

argues that Ms. Okesson needs this information in order to

sustain her counterclaims. Cumulus counsel responds that the

request is overly broad in that it requests information from "all

market managers", where Ms. Okesson's counterclaim is limited to

her job responsibilities in the Westchester market. Cumulus

counsel has agreed to, and will, produce documents concerning the

compensation for marketing managers in the Westchester area with

the appropriate redactions.

Request No. 3 seeks,
"Produce copies of all similar agreements which contain the
limitations contained in Section 3 of Cumulus' Agreement
with Ms. Okesson."

Counsel for Cumulus argues that the documents responsive to

Request No. 3 would be relevant to Ms. Okesson's ability to

ascertain whether Section 3 of the Employment Agreement is

boilerplate. At this stage, the parties concede that there is no

ambiguity in Ms. Okesson's employment agreement. Therefore, Ms. Okesson's employment agreement is to be interpreted pursuant to its own terms. Whether this language was or was not included in other employment contracts is not relevant on the current record and producing such contracts would pose an undue burden on Cumulus. Moreover, the Court is satisfied that Cumulus has provided Ms. Okesson with the file concerning the negotiation and drafts of Ms. Okesson's employment agreement, sufficient to identify the genesis of this provision.

Accordingly, defendant's Motion to Compel [Doc. #68] is **GRANTED** in part and **DENIED** in part. The Motion for Sanctions is **DENIED**.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 3rd day of September 2010.


                                    /s/
                       _____
                       HOLLY B. FITZSIMMONS
                       UNITED STATES MAGISTRATE JUDGE