UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CUMULUS BROADCASTING, LLC  :
                           :
                           :
V.                         :   CIV. NO. 3:10CV315 (JCH)
                           :
KRISTIN OKESSON            :
                           :

RULING ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Plaintiff Cumulus Broadcasting LLC ("Cumulus") moves for a protective order to preclude Defendant Kristin Okesson from taking Lewis Dickey's deposition. **[Doc. #104]**. Upon careful consideration, the Plaintiff's Motion for Protective Order **[Doc. #104]** is **DENIED**.

Background

Cumulus brings this action against Ms. Okesson, alleging that Ms. Okesson improperly departed from her job with Cumulus and, in violation of a non-competition agreement contained in her employment contract, improperly solicited Cumulus's customers and employees in her new role as an employee of Cox Radio, Inc. ("Cox"). The complaint further alleges that Ms. Okesson disclosed confidential and proprietary information of Cumulus to Cox and that these actions caused Cumulus to suffer damages.

In response to Cumulus's allegation, Ms. Okesson asserts a number of affirmative defenses and counterclaims against Cumulus. Ms. Okesson alleges that Cumulus breached the employment agreement by, among other things, expanding the scope of her duties without providing increased compensation and subjecting Ms. Okesson to a

1

hostile work environment.

On October 19, 2010, the Defendant noticed the deposition of Lewis Dickey, the President and CEO of Cumulus[1]. On October 29, 2010, the Plaintiff filed a motion for a protective order to preclude the Defendant from taking Mr. Dickey's deposition.

Standard of Review

Parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation. Fed.R.Civ.P. 26(b)(1). The information sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).

Notwithstanding the breadth of the discovery rules, the district courts are afforded discretion under Rule 26(c) to issue protective orders limiting the scope of discovery. Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) ("[t]he grant and nature of protection is singularly within the discretion of the district court...."). When the party seeking the protective order demonstrates good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or discovery not be had." Fed.R.Civ.P. 26(c)(1). "The party resisting

---

[1] References in this ruling to Mr. Dickey refer to Lewis Dickey and not John Dickey.

discovery bears the burden of showing why discovery should be denied." Chamberlain v. Farmington Sav. Bank, 247 F.R.D. 288, 289 (D. Conn. Nov. 30, 2007) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

Discussion

Cumulus argues that the deposition of Lewis Dickey sought by Ms. Okesson is nothing more than a fishing expedition and effort to interfere with Cumulus's business. Cumulus contends that Mr. Dickey cannot provide any information beyond what Mr. Pizzati and other Cumulus employees such as Ann McManus, Rick Malette and Scott Summerlin have already provided, rendering Mr. Dickey's testimony cumulative and duplicative. Further, Cumulus argues that Mr. Dickey had "virtually no interaction" with Ms. Okesson and therefore lacks any significant knowledge on the facts and issues implicated in this case. Finally, Cumulus argues that a protective order is appropriate as to Mr. Dickey, Cumulus's CEO based out of Atlanta, because he is a high ranking official and has no unique personal knowledge of the facts at issue.

The Court credits Defendant's assessment that Mr. Dickey will offer information that is relevant and discoverable and that he may possess unique knowledge concerning the claims in this case. As Plaintiff concedes, Mr. Dickey has interacted personally with Ms. Okesson. Thus, Mr. Dickey may possess unique knowledge concerning, among other things, Ms. Okesson's employment agreement and complaints or observations made by Ms Okesson regarding her terms and/or

conditions of employment. By way of example, Plaintiff at the Prejudgment Remedy hearing introduced an e-mail Ms. Okesson sent to Mr. Dickey on October 5, 2009, following her termination. [Plaintiff's Ex. 91 PJR hearing]. In that e-mail, Ms. Okesson thanks Mr. Dickey for the opportunities given to her and expresses how she feels "badly that it ended like this" and expressed that she "always had a great deal of respect for you". [Id.]. This e-mail sheds light on the existence of a respectful rapport between Ms. Okesson and Mr. Dickey, which may indicate that Mr. Dickey has some unique knowledge of the facts and circumstances at issue in this case.

Further, as argued by Defendant, Mr. Dickey, in his capacity as CEO, may have had input and therefore knowledge on the issues surrounding the company furlough, the video monitoring and particularly the content of the 10-Q and 10-K reports that go directly to proof of Plaintiff's alleged damages.

Plaintiff's argument that some courts have restricted parties from deposing high-ranking officials is unavailing in this case. "Highly placed executives are not immune from discovery, and the fact that an executive has a busy schedule cannot shield that witness from being deposed." General Star Indemnity Co. V. Platinum Indemnity Ltd., 210 F.R.D. 80, 83 (S.D.N.Y. 2002). This is particularly true in a case such as this, where Mr. Dickey personally knew and dealt with Ms. Okesson -albeit in a more limited capacity than some of the other witnesses- and is not being deposed simply because of his position.

The Court finds that Mr. Dickey's deposition is relevant, not cumulative and does not unduly burden the Plaintiff. The Court recognizes that Cumulus depends on the work of its CEO to accomplish its important business; however, the Court is confident that the parties can agree on a schedule that will not cause an undue burden on Cumulus.

Conclusion

Accordingly, the Court **DENIES** Plaintiff's Motion for Protective Order **[Doc. #104]**.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 10th day of February 2011.

                                        /s/
                         HOLLY B. FITZSIMMONS
                         UNITED STATES MAGISTRATE JUDGE